# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL I. BOLDEN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 05-431-WDS |
| STEPHEN R. HOBART, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

A court should not entertain a petition for a writ of habeas corpus from a federal prisoner unless it has jurisdiction over the petitioner or his custodian. *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir. 1992); *Hanahan v. Luther,* 760 F.2d 148, 151 (7th Cir. 1985). This Court does not

have jurisdiction over either. It is clear that Petitioner is currently incarcerated in the Federal Correctional Institution in Oxford, Wisconsin, which is situated in the Western District of Wisconsin. *See* 28 U.S.C. §130(b). However, Petitioner has already filed, unsuccessfully, two separate § 2241 petitions in that district. *See Bolden v. Hobart*, Case No. 05-C-198-C (W.D. Wisc., filed April 5, 2005); *Bolden v. Hobart*, Case No. 05-C-285-C (W.D. Wisc., filed May 12, 2005).

In each of those cases, the Honorable Barbara B. Crabb advised Petitioner that "the only avenue available to him is a petition filed pursuant to 28 U.S.C. § 2255 in the court that sentenced him." *Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). As she correctly noted, Petitioner is currently serving a sentence imposed in this District. *See United States v. Rachel*, Case No. 99-cr-30237-WDS (S.D. Ill., filed Nov. 17, 1999). This Court notes, also, that Petitioner has already filed an unsuccessful § 2255 motion in this District. *See Bolden v. United States*, Case No. 04-cv-662-WDS (S.D. Ill., filed Sept. 15, 2004).

The Court *could* transfer this action to the Western District of Wisconsin, as that is the proper venue for this § 2241 petition. However, the Court sees no point in wasting judicial resources, as such a transfer would only delay the inevitable dismissal of this action. In this case, Petitioner challenges the manner in which his sentence was calculated. Although he does not refer to any case law, the Court guesses that, like many other inmates, he places his reliance upon *United States v. Booker*, – U.S. —, 125 S.Ct. 738 (2005). That reliance is misplaced, because the Seventh Circuit has held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). *See also Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002) (*Apprendi* does not apply retroactively on collateral review).

It is beyond question that Petitioner's conviction was final long before January 12, 2005. Therefore, he is not entitled to the relief sought, whether he seeks it in this District, the Western District of Wisconsin, or any other federal court. The fact that he has not been granted leave to file a second or successive petition under § 2255 does not mean that § 2255 cannot provide an adequate or effective means by which to challenge his conviction or sentence. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).

In summary, this habeas action does not survive review under Rule 4 and, accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: July 11, 2005**

        **s/ WILLIAM D. STIEHL**
        **DISTRICT JUDGE**